UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AT&T CORP., a New York corporation, )
    Plaintiff, )
)
v. ) No. 04 10871 PBS
)
IBASIS, INC., a Delaware corporation, )
and CHINA UNICOM CORPORATION, )
LTD., a Republic of China corporation, )
    Defendants. )
)
)

## ANSWER

Defendant, iBasis, Inc. ("iBasis"), hereby responds to the Complaint of plaintiff, AT&T Corp. ("AT&T"), as follows:

### JURISDICTION AND VENUE ALLEGATIONS 28 U.S.C. § 1332

1. Admitted.

2. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

3. iBasis admits the allegations in the first sentence of this paragraph. The second sentence of this paragraph asserts conclusions of law to which no answer is required. To the extent the second sentence of this paragraph alleges statements of fact, such allegations are denied.

4. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

5. iBasis only admits that AT&T has claimed that it is owed more than $773,000 and denies the remaining allegations in this paragraph.

6. iBasis admits the allegations in this paragraph except those allegations related to China Unicom, about which iBasis does not have knowledge or information sufficient to either admit or deny.

## GENERAL ALLEGATIONS

7. iBasis only admits that it entered into series of written agreements with AT&T and refers to those agreements, which speak for themselves.

8. iBasis refers to the documents referenced in this paragraph, which speak for themselves.

9. iBasis refers to the documents referenced in this paragraph, which speak for themselves.

10. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

11. Denied.

12. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

13. iBasis denies the allegations of this paragraph to the extent that they refer to its conduct. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in this paragraph to the extent that they refer to the conduct of China Unicom or AT&T.

14. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in this paragraph. Further answering, iBasis refers to the documents referenced in this paragraph, which speak for themselves.

15. iBasis refers to the documents and Web site referenced in this paragraph, which speak for themselves.

16. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

17. Denied, except that iBasis admits that it has refused to pay the demanded sum of $773,804.97.

18. iBasis refers to the document referenced in this paragraph, which speaks for itself.

## COUNT I
### (Breach of the Contract against Defendant iBasis)

19. iBasis repeats and incorporates herein by reference its responses to paragraphs 1-18 of the Complaint.

20. iBasis only admits that it entered into series of written agreements with AT&T and refers to those agreements, which speak for themselves.

21. iBasis refers to the documents referenced in this paragraph, which speak for themselves.

22. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

23. Denied.

24. Denied.

25. iBasis refers to the document referenced in this paragraph, which speaks for itself.

## COUNT II
### (Breach of Implied Contract against Defendants)

26. iBasis repeats and incorporates herein by reference its responses to paragraphs 1-25 of the Complaint.

27. iBasis admits the allegation contained in the first sentence of this paragraph that AT&T provided iBasis with telecommunication services after December 11, 2001 and denies the remaining allegations in this sentence. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in the second sentence of this paragraph.

28. Denied, to the extent this paragraph refers to what iBasis knew or reasonably should have known. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in this paragraph to the extent that they refer to what China Unicom knew or reasonably should have known.

29. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

30. Denied, except that iBasis admits that AT&T ultimately terminated certain services to iBasis.

31. Denied.

## COUNT III
### (Open Book Account against China Unicom)

32. iBasis repeats and incorporates herein by reference its responses to paragraphs 1-31 of the Complaint.

33. iBasis denies the allegations in this paragraph to the extent they refer to its conduct and is without knowledge or information sufficient to either admit or deny the remaining allegations.

34. iBasis denies the allegations in this paragraph to the extent they refer to its conduct and is without knowledge or information sufficient to either admit or deny the remaining allegations.

## COUNT IV
### (Account Stated against China Unicom)

35. iBasis repeats and incorporates herein by reference its responses to paragraphs 1-34 of the Complaint.

36. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

37. iBasis does not have knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

## COUNT V
### (Quantum Meruit against Defendants)

38. iBasis repeats and incorporates herein by reference its responses to paragraphs 1-37 of the Complaint.

39. iBasis admits that AT&T provided various telecommunications services to it during the period of time referenced in the Complaint and denies the remaining allegations contained in this paragraph.

40. iBasis admits that some of the various telecommunications services provided to it by AT&T were accepted by iBasis and that iBasis expected to pay therefore. iBasis denies the remaining allegations contained in this paragraph, except to the extent they refer to the state of mind of China Uncicom. As to those allegations, iBasis does not have knowledge or information sufficient to either admit or deny them.

41. Denied.

## AFFIMRATIVE DEFENSES

1. Plaintiffs' claims against iBasis are barred based on the doctrine of estoppel.

2. Plaintiffs' claims against iBasis are barred based on the doctrine of waiver.

3. Plaintiffs' claims against iBasis are barred based on the doctrine of laches

4. Plaintiffs' claims against iBasis are barred because iBasis was not the agent of China Unicom.

5. Plaintiffs' claims against iBasis are barred based on the statute of frauds.

WHEREFORE, Defendant, iBasis, Inc., prays that this Court:

a) Dismiss with prejudice the Complaint filed in this action;

b) Award Defendant, iBasis, Inc., all costs, expenses and attorneys' fees expended by it in connection with this matter; and

c) Award Defendant, iBasis, Inc., such other and further relief that justice so requires.

## JURY DEMAND

Defendant, iBasis, Inc., hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

**iBasis, Inc.,**

By its attorneys,

_____
Shepard Davidson, Esq. (BBO #557082)
BURNS & LEVINSON LLP
125 Summer Street
Boston, Massachusetts 02110
(617) 345-3000

Dated: September 14, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 7/14/04

23832.2/00854401

- 6 -